**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OLGA KAISER POWELL, *et al.*, ) | |
|       Plaintiffs, ) | Case No.  2:09-cv-01079-LDG-GWF |
| vs. ) | **ORDER** |
| TEXVANS, INC., *et al.*, ) | |
|       Defendants. ) | |

      This matter is before the Court on Plaintiffs' Motion to Compel Discovery Pursuant to F.R.C.P. 37(a) and Local Rule 26-7 and to Amend Scheduling Deadlines Pursuant to F.R.C.P. 16(b)(4) (#45), filed July 28, 2010; Defendants' Response to Plaintiffs' Motion to Compel Discovery Pursuant to F.R.C.P. 37(a) and Local Rule 26-7 and to Amend Scheduling Deadlines Pursuant to F.R.C.P. 16(b)(4) (#47), filed August 6, 2010; Plaintiffs' Reply Memorandum in Further Support of Plaintiffs' Motion to Compel Discovery Pursuant to F.R.C.P. 37(a) and Local Rule 26-7 and to Amend Scheduling Deadlines Pursuant to F.R.C.P. 16(b)(4) (#51), filed August 13, 2010; Defendants' Motion for Protective Order (#52), filed August 18, 2010; Defendants' Motion to Quash Subpoenas *Duces Tecum* (#53), filed August 18, 2010; Plaintiffs' Response to Defendants' Motion for Protective Order and to Quash Subpoenas Duces Tecum (#55), filed August 28, 2010; and the Affidavit of Brett Johnson re Plaintiffs' Motion to Compel (#58), filed September 1, 2010. The Court heard argument on these matters on September 2, 2010.

      Plaintiffs move for the Court to order Defendants to produce the medical records for Defendant Taimane Solovi dating years before the subject accident. (#45). In their motion, Plaintiffs argue that these records may be relevant in light of allegations that Solovi had cancer before the date of the accident and that the cancer may have been severe enough to make it unsafe for Solovi to operate a motor vehicle at the time of the accident. (*Id.*) In addition, Plaintiffs argue that the medical records are relevant to the question of whether

1   Solovi properly disclosed information regarding medical condition during discovery in the present action. (*Id.*)
2   Defendants object to the records request, move for a protective order and request that the subpoena *duces*
3   *tecum* be quashed. (#52). At the hearing on the matter, the Court found that Plaintiffs had sufficiently shown
4   that their medical records request was relevant to Plaintiffs' claims. As a result, it is reasonable for discovery
5   purposes for Defendant Solovi to disclose his medical records from January 1, 2005 until the present, subject
6   to a protective order that the records are not to be used outside of the present litigation.

7   However, the Court agrees with Defendants that the scope of Plaintiffs' requests for medical records
8   is over broad. Plaintiffs seek additional medical records dating as far back as 2003. Plaintiffs have failed to
9   demonstrate the relevance of these older records and the Court finds that it is unreasonable to order the
10  production of records from that far before the subject accident. If Plaintiffs discover that the records prior to
11  January 1, 2005 are relevant, Plaintiffs may revisit the issue with the Court.

12  Defendants also request that the Court quash numerous subpoena *duces tecum* that have been served
13  upon Solovi's medical providers, including St. Mark's Hospital, Intermountain Medical Center, Edward
14  French, M.D., Michael Wilcox, M.D., Deborah Cobb, F.N.P., Ralph Wade, D.O., Scott Samuelson, D.O.,
15  Select Medical Corporation and United Healthcare. (#53). The Court agrees with Defendants that these
16  subpoenas are unreasonable at the present time and will order Plaintiffs to withdraw any subpoenas that have
17  not been responded to at this point. The Court will order the parties to prepare a qualified protective order
18  regarding the medical records and Plaintiffs may reissue new subpoenas within the time limitation established
19  by the Court once the qualified protective order is in place.

20  The Court will further order that any medical or billing records filed in this action shall be placed under
21  seal. In light of the Court's order that additional medical records be produced, the Court will also extend the
22  discovery period. Accordingly,

23  **IT IS HEREBY ORDERED** Plaintiffs' Motion to Compel Discovery Pursuant to F.R.C.P. 37(a)
24  and Local Rule 26-7 and to Amend Scheduling Deadlines Pursuant to F.R.C.P. 16(b)(4) (#45) is **granted in**
25  **part**. Defendant Solovi will produce copies of medical records requested by Plaintiffs dating from January 1,
26  2005 until the present.
27  . . .
28  . . .

1    **IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order (#52) is **granted**.
2    The parties shall stipulate to and submit a qualified protective order regarding Defendant Solovi's medical
3    records **on or before September 30, 2010**. Once the qualified protective order is filed, the Court will enter
4    an order directing medical providers to produce records pursuant to a subpoena and informing the medical
5    providers that the order overcomes the otherwise reasonable privacy concerns related to the release of
6    medical records under HIPAA.

7    **IT IS FURTHER ORDERED** that Defendants' Motion to Quash Subpoenas *Duces Tecum* (#53)
8    is **granted as follows**:

9    1.   Plaintiffs will withdraw any subpoenas *duces tecum* served on Solovi's medical providers that
10        have not been responded to by this point. Any records received, or hereafter received,
11        pursuant to the subpoenas shall be provided to Defendants' counsel. If after reviewing the
12        records, Defendants find the records are not relevant, Defendants should destroy the copies of
13        the records received and notify Plaintiffs that they have done so. If Plaintiffs disagree and
14        believe the records to be relevant, Plaintiffs may file a motion with the Court and the Court will
15        enter an appropriate order; and

16   2.   Plaintiffs may reissue the subpoenas *duces tecum* once the qualified protective order is in
17        place within the time limitation established by the Court.

18   **IT IS FURTHER ORDERED** that medical billing and treatment records shall not be filed with the
19   Court unless filed under seal.

20   **IT IS FURTHER ORDERED** that if they are not already sealed, the following pleadings and
21   exhibits shall be sealed:

22   1.   Exhibits No. 2, 5 and 6 to Plaintiffs' Motion to Compel Discovery Pursuant to F.R.C.P. 37(a)
23        and Local Rule 26-7 and to Amend Scheduling Deadlines Pursuant to F.R.C.P. 16(b)(4)
24        (#45);

25   2.   Exhibits No. 4, 5 and 12 to Plaintiffs' Response to Defendants' Motion for Protective Order
26        and to Quash Subpoenas Duces Tecum (#55); and

27   5.   Affidavit of Brett Johnson re Plaintiffs' Motion to Compel (#58).

28   . . .

1  **IT IS FURTHER ORDERED** that the discovery deadline in this action is extended until **January 18, 2010** and the parties shall submit a joint status report **on or before October 29, 2010.**

   DATED this 23rd day of September, 2010.

   _____
   GEORGE FOLEY, JR.
   United States Magistrate Judge