**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OLGA KAISER POWELL, *et. al.*, | ) |
| Plaintiffs, | ) Case No. 2:09-cv-1079-LDG-GWF |
| vs. | ) **QUALIFIED PROTECTIVE ORDER** |
| TEXVANS, INC., *et. al.*, | ) |
| Defendants. | ) |

Plaintiffs are seeking the production of records which Defendants contend constitute Protected Health Information ("PHI"). The parties wish to prevent the possibility of any misuse or unnecessary disclosure of PHI.

While PHI is generally private information, 45 C.F.R. § 164.512 expressly allows for the disclosure of PHI in the course of any judicial proceeding either in response to (1) a discovery request where the parties have agreed upon a protective order and have presented it to the court, or (2) a court order.

**IT IS THEREFORE ORDERED** that the following procedures designed to ensure the protection of PHI shall govern all forthcoming pre-trial discovery proceedings:

1. Plaintiffs shall subpoena medical records from January 1, 2005 to the present for Defendant Taimne Solovi from Intermountain Medical Center, St. Mark's Hospital, Select Medical Corporation, Paul Traynor, M.D., Ralph D. Wade, D.O., Michael B. Wilcox, M.D., and any other medical provider who examined, diagnosed or treated Mr. Solovi during the time period stated above.

. . .

2.    Plaintiffs' counsel shall subpoena Defendant Solovi's Social Security Disability claims file from the Social Security Administration or appropriate agency. The subpoena shall direct the SSA to produce the file to Plaintiffs' counsel in a sealed envelope or container. Once received, Plaintiffs' counsel shall deliver the unopened envelope or container to the undersigned magistrate judge's chambers for *in camera* review. If the file contains any information relevant to Mr. Solovi's physical or mental condition on or about June 11, 2008, the Court will identify the relevant information and provide it to counsel for all parties.

3.    Any and all documents, materials or information produced in discovery in this matter and designated as being PHI pursuant to HIPAA, including any copies, recordings, discs, prints, negative, summaries, or contents or substance thereof, are subject to this Protective Order and are confidential.

4.    This PHI may be shown, or its contents disclosed only to the following persons:

    (a)    Counsel of record in this action and counsel's agents and employees;

    (b)    Any expert used as a consultant or intended to be called as a witness who is retained by counsel of record to assist in the preparation and/or trial of this case;

    (c)    The parties to this action and their agents and employees; and

    (d)    The jury and members of the Court as necessary for a complete adjudication of this matter.

PHI designated as subject to this Protective Order shall not be disclosed or shown to any other person or entity unless or until the side wishing to make such disclosure informs the other side and gives them a reasonable time to object, at least thirty (30) calendar days. In the event of objection, the parties' respective counsel of record will make a good faith effort to resolve the dispute informally before filing any motion with the above-entitled Court relating to said dispute. If an objection is made in writing, the PHI shall not be disclosed until the Court has issued a decision determining that disclosure of the document is appropriate.

5.    PHI designated as subject to this Protective Order or any information derived therefrom shall be used solely for the purpose of assisting counsel of record in connection with this

litigation and not for any business purpose or any other purpose whatsoever or for any other litigation matter.  The PHI shall be used by counsel only for purposes of this litigation and for no other purpose.

6. The parties may object to the disclosure of any PHI on any ground that it/he/she may deem appropriate, and any party or non-party may, upon motion, seek relief from, or modification of, this Protective Order based on a showing of good cause.

7. The designation of any information as "PHI" pursuant to this Protective Order is intended solely to facilitate the preparation of this case for trial, and treatment by the other party in conformity with such designation shall not be construed in any way as an admission or agreement by such opposing counsel or party that the designated information contains any PHI in contemplation of law.  No party shall be obligated to challenge the propriety of any designation by the opposing party, and a failure to do so shall not preclude a subsequent attack on the propriety of any PHI designation.  Any party may request a hearing in the United States District Court, District of Nevada, challenging any party's classification of information as PHI.

8. If PHI is improperly disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately inform the other parties of all pertinent facts relating to such disclosure, including the name and address of each person to whom disclosure was made, and shall make reasonable efforts to prevent further disclosure by said authorized person(s).

9. The United States District Court for the District of Nevada shall retain jurisdiction to enforce the Protective Order after the termination of this action and that the Court may award attorney's fees and costs in any proceeding to enforce the Protective Order pursuant to FRCP 37.

10. Plaintiffs' counsel shall return the PHI, including all copies made, to defense counsel for Mr. Solovi at the conclusion of the litigation or proceeding.  Alternatively, Plaintiffs' counsel may destroy the PHI at the conclusion of the litigation or proceeding.

. . .

. . .

. . .

1  **IT IS SO ORDERED.**

2  DATED this 16th day of November, 2010.

4  _____
GEORGE FOLEY, JR.
United States Magistrate Judge