1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7  OLGA KAISER POWELL, *et al.*,                    )
                                                    )
8          Plaintiffs,                              )          Case No.   2:09-cv-01079-LDG-GWF
                                                    )
9  vs.                                              )          **ORDER**
                                                    )
10 TEXVANS, INC., *et al.*,                         )
                                                    )
11         Defendant.                               )
   _____ )
12

13        This matter is before the Court on Plaintiffs' Emergency Motion for Leave to Take More

14 than 10 Depositions (#86), filed on December 23, 2010; Defendants' Opposition to the Plaintiffs'

15 Emergency Motion (#90), filed on January 4, 2011; and Plaintiffs' Reply (#95) filed on January 11,

16 2011.  The Court concludes that it can decide this motion without the necessity for oral argument

17 and the hearing on this motion will therefore be vacated.

18                            **BACKGROUND AND DISCUSSION**

19        This is a wrongful death action arising out of a motor vehicle accident in which Plaintiffs'

20 decedent Ernest Powell was killed.  The accident occurred on Interstate Highway 15 in the early

21 morning hours.  Mr. Powell's pick-up truck was either stopped or moving very slowly in the right

22 travel lane with its running lights on and its emergency flashers activated.  Defendant Villamu

23 Solovi was operating a tractor-trailer and was traveling in the same direction as Mr. Powell's

24 vehicle, allegedly at or near the posted 75 miles per hour speed limit.  Mr. Solovi allegedly failed to

25 observe that Mr. Powell's vehicle was stopped or traveling very slowly and collided with the rear of

26 the vehicle.

27        Plaintiffs have exhausted their authorized limit of ten depositions and seek leave to take the

28 depositions of two of Defendants' three expert witnesses and the medical doctor who issued

1   Defendant Solovi's annual medical certificate to operate a commercial vehicle.  Plaintiffs have

2   previously deposed four highway patrol/state troopers who investigated the accident, Defendant

3   Villamu Solovi, the co-driver of the tractor-trailer, Euni Brown, Defendant Solovi's wife, persons

4   most knowledgeable of Defendants Texvans and Land Air Express, and the person most

5   knowledgeable of Las Vegas Freightliner in regard to repairs performed on Defendants' vehicle.

6   Although Plaintiffs took the maximum number of depositions authorized under Fed.R.Civ.Pro.

7   30(a)(2)(A)(i), they assert that many of the depositions were relatively short and lasted two hours or

8   less.  Defendants have not disputed Plaintiffs' representation regarding the length of the

9   depositions.

10          The Advisory Committee Notes regarding Rule 30(a)(2)(A)(i) state that leave to exceed the

11  ten deposition limit should be granted when consistent with the principles of Rule 26(b)(2).  *See*

12  *Presidio Components, Inc. v. American Technical Ceramics Corp.*, 2009 WL 861733 (S.D.Cal.

13  2009) *2.  The decision whether to grant leave is a case-by-case determination.  Although there

14  does not appear to be a significant dispute as to how the accident occurred, it was reasonable and

15  necessary for Plaintiffs to depose Defendant Solovi and the co-driver Mr. Brown.  Given the

16  circumstances and the amount in controversy, it was also reasonable for Plaintiffs to take

17  depositions of the persons most knowledgeable of the Defendant companies and the company that

18  performed repairs on the vehicle to explore issues relating to the Defendant Solovi's training,

19  competence and his or his employers' compliance with rules governing the safe operation of the

20  vehicle, and whether the condition of the vehicle was a factor in the accident.  It was also

21  reasonable for the Plaintiffs to depose Defendant Solovi's wife regarding her knowledge of his

22  physical and medical condition prior to the accident.  The Court has some doubt as to whether it

23  was necessary to depose four highway patrolmen who played some role in the accident

24  investigation.  While it was  reasonable to depose the lead investigating officer, Plaintiffs have not

25  persuasively demonstrated that the depositions of the other officers were not cumulative.

26          Notwithstanding some doubt as to whether Plaintiffs made completely judicious use of their

27  ten depositions, the Court will grant Plaintiffs leave to take the depositions of two of Defendants

28  three expert witnesses.  The Court will likewise grant Defendants leave to depose Plaintiffs' expert

1   witnesses should they so desire.  The requirement for expert reports under Rule 26(a)(2)(B)

2   provides the opposing party with information regarding the expert's opinions, the basis for those

3   opinions and the information that the expert has considered in arriving at his opinion.  This reduces

4   the time needed to prepare for an expert's deposition and may obviate the need to depose the expert

5   witness.  It remains common practice, however, to take expert depositions once the Rule

6   26(a)(2)(B) disclosures have been made.  This case involves a fatal motor vehicle accident in which

7   substantial damages are sought and in which each side has designated expert witnesses on the

8   issues of liability and damages.  Given the amount in controversy, the parties' resources and the

9   issues at stake, the Court concludes that each side should have the opportunity to depose the

10  opposing party's expert witnesses.  Since Defendants did not designate any rebuttal expert

11  witnesses, that portion of Plaintiffs' motion is moot.

12          The Court also grants Plaintiffs' request for leave to depose the Salt Lake City physician,

13  Dr. Teynor.  Plaintiffs have obtained records and information regarding Defendant Solovi's

14  physical and mental condition which arguably raise issues regarding his fitness to operate a

15  commercial vehicle at the time of the accident.  Plaintiffs also have a medical witness who will

16  testify that Defendant was not qualified to operated a commercial motor vehicle because of his

17  physical and mental condition.  To the extent that Defendant intends to argue that he was qualified

18  to operate a commercial vehicle at the time of the accident based on his possession of a valid

19  medical certificate, it is relevant for Plaintiffs to examine Dr. Teynor as to whether he would have

20  issued the certificate if he had been provided with the additional information regarding Defendant

21  Solovi's medical condition.  In granting permission to take Dr. Teynor's deposition, the Court also

22  notes that the deposition is appropriate to preserve his trial testimony since he resides outside the

23  district and will probably not be available to testify as a live witness at trial.

24          By granting Plaintiffs' request to depose Dr. Teynor, the Court obviously disagrees with

25  Defendants' argument that Defendant Solovi's physical or mental condition prior and at the time of

26  the accident is irrelevant.  In contrast to the circumstances pertaining to the decedent Ernest Powell

27  discussed in order (#85), there is evidence that Defendant Solovi failed to exercise due care in

28  operating his motor vehicle which was a proximate cause of the accident.  Defendant Solovi

allegedly failed to avoid colliding with the rear of a motor vehicle which was stopped or moving

slowing and which had its emergency flashers activated.  Evidence that Defendant Solovi's

physical or mental condition was impaired shortly before or at the time of the accident is potentially

relevant in explaining why he allegedly failed to observe Mr. Powell's vehicle or failed to take

appropriate action to avoid colliding with it.  In contrast, there is simply no information as why Mr.

Powell's vehicle was stopped or moving very slowly with its flashers activated.  It is therefore

complete speculation to suggest that Mr. Powell's physical or mental condition contributed to the

cause of the accident.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motion for Leave to Take More

than 10 Depositions (#86) is **granted**, in part, as follows:   Plaintiffs may depose two of

Defendants' three designated expert witnesses, and Defendants, in turn, may depose Plaintiffs'

designated expert witnesses.  Plaintiffs may also take the deposition of Dr. Teynor in Salt Lake

City, Utah.  If Defendants' counsel desires to participate by telephone or videoconferencing in the

deposition, he may do so.

**IT IS FURTHER ORDERED** that the hearing on this motion scheduled for January 13,

2011 at 9:30 a.m. is **vacated.**

DATED this 12th day of January, 2011.

_George Foley Jr._
_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE