# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

OLGA KAISER POWELL, *et al.*,

    Plaintiffs,

v.

TEXVANS, INC., *et al.*,

    Defendants.

Case No. 2:09-cv-01079-LDG (GWF)

**ORDER**

The complaint alleges that, on June 11, 2008, a tractor-trailer driven by Viliamu Solovi struck a vehicle driven by Earnest Powell, ultimately resulting in his death. The plaintiffs, Olga Kaiser Powell and Laurie Moreno, brought this action against Solovi, his employer Texvans, Inc., and Land Air Express, Inc., which had leased the vehicle.[1]

The plaintiffs now move for a partial summary judgment (#82) that Powell was not acting as a commercial driver or operating a commercial vehicle at the time of the accident. The defendants oppose (#89). The Court will deny the motion.

---

[1] The complaint also named Euini Tala Tala as a co-defendant. The Court previously dismissed the complaint as against Tala.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Conversely, when the burden of proof at trial rests on the party

1 moving for summary judgment, then in moving for summary judgment the party must
2 establish each element of its case.
3     Once the moving party meets its initial burden on summary judgment, the non-
4 moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro.
5 56(e).  As summary judgment allows a court "to isolate and dispose of factually
6 unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the
7 evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H.*
8 *Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however,
9 will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co.*
10 *v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).
11     <u>A Fact-Finder could Conclude that Powell was Operating a Commercial Vehicle</u>
12     The plaintiffs assert that Powell was not operating a commercial vehicle at the time
13 of the accident, arguing that the Federal Motor Carrier Safety Act applies <u>only</u> to vehicles
14 that are <u>being</u> used to transport passengers or property.  The argument is without merit.
15     Pursuant to 49 C.F.R. §390.5, a "commercial motor vehicle means any self-
16 propelled or towed motor vehicle used on a highway in interstate commerce to transport
17 passengers or property when the vehicle–(1) Has a gross vehicle weight rating or gross
18 combination weight rating, or gross vehicle weight or gross combination weight, of 4,536
19 (10,001 pounds) or more, whichever is greater, . . ."  This definition does not limit
20 commercial motor vehicles to only those motor vehicles that are presently being used on a
21 highway in interstate commerce to transport passengers or property when the vehicle has a
22 weight or weight rating exceeding 10,001 pounds, but applies to all vehicles used on a
23 highway in interstate commerce to transport passengers or property when the vehicle has a
24 weight or weight rating exceeding 10,001 pounds.  The plaintiffs acknowledge that the
25 vehicle driven by Powell had a weight or weight rating exceeding 10,001 pounds.  The
26 plaintiffs also acknowledge that, on June 9, 2008, Powell drove the vehicle from California

3

to Utah to transport a trailer for a company called Skyline to a dealership. The plaintiffs have not offered any evidence that Powell did not use the highway. On both June 9, and June 11, the vehicle was registered with the State of California as a Commercial Vehicle. Accordingly, the plaintiffs have not established, as a matter of law, that the motor vehicle being driven by Powell, which they admit had a weight or weight rating exceeding 10,001 pounds, was not used on a highway in interstate commerce to transport property. Rather, the evidence would establish that the vehicle was used on a highway in interstate commerce to transport property.

Further, even assuming plaintiffs' argument that a motor vehicle is not a commercial motor vehicle unless it is currently being used to transport property in interstate commerce, plaintiffs have not established as a matter of law that the vehicle was not being used on a highway in interstate commerce to transport property. Powell delivered the trailer from California to Utah on June 9. A finder of fact could conclude that, having delivered the trailer, Powell was returning the vehicle used to transport the trailer from Utah to California, the point of origin for the trip. While the plaintiffs argue that the "interstate commerce" use of the vehicle ended with the delivery of the trailer, a fact-finder could conclude that the "interstate commerce" use of the vehicle did not end until Powell and the vehicle returned to the point of origin. In short, the fact that Powell delivered a trailer in interstate commerce two days before the accident, and the fact that Powell was in route from the delivery point back to the point of origin, provides a basis for a fact-finder to find that the vehicle was a commercial motor vehicle.

<u>A Fact-Finder could Conclude that Powell was Acting as a Commercial Driver</u>

As a fact-finder could determine that the pick-up was a commercial motor vehicle, and as a fact-finder could determine that the nature of the trip from Utah to California was to complete the interstate commerce purpose of the trip from California to Utah, albeit as an empty return leg, a fact-finder could conclude that Powell was acting as a commercial

1  driver on an empty return leg.  Accordingly, the plaintiffs are not entitled to a ruling as a
2  matter of law that Powell was not acting as a commercial driver or that he was not
3  operating a commercial vehicle at the time of the accident.  Therefore,
4        THE COURT **ORDERS** that Plaintiffs' Motion for Partial Summary Judgment (#82) is
5  DENIED.
6    DATED this ___11___ day of March, 2011.

_____
Lloyd D. George
United States District Judge